NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRYSTAL LOVELADY,

Plaintiff - Appellant,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

Defendant - Appellee.

No. 25-2720

D.C. No.
4:23-cv-00136-AMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Angela M. Martinez, District Judge, Presiding

Submitted March 4, 2026[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Plaintiff Crystal Lovelady sued Experian Information Solutions, Inc.

("Experian"), alleging violations of the Fair Credit Reporting Act. She claims that

Experian failed to follow reasonable procedures to ensure the accuracy of her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

consumer report as required by 15 U.S.C. § 1681e(b). She further claims that when she disputed the information in the report, Experian failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i(a)(1)(A). Underlying both claims is Lovelady's allegation that Experian is erroneously reporting that she has joint contractual liability for a medical debt entered into by her husband ("Mr. Lovelady") that was sent to collection. The district court granted summary judgment to Experian, holding that Lovelady had failed to make a prima facie case for relief because the report was accurate as a matter of law.

We review a district court's grant of summary judgment de novo. *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018). Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by evidence. *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981).

To state a prima facie case for relief for either of her claims, Lovelady must show that the information in her report is inaccurate. *Shaw*, 891 F.3d at 756. Information in a consumer report is inaccurate "where it either is patently incorrect or is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions [*i.e.*, it is materially misleading]." *Id.* (citation

modified).

Lovelady first argues that the report is patently incorrect because the code Experian used to report the debt indicates that she is contractually liable for a joint account. She argues that the term "joint account" has a specific meaning in the context of credit reporting that denotes direct contractual responsibility for the account (*i.e.*, that she was a party to the contract with the medical provider, an endodontist). Because she was not a party to the contract with the endodontist, she argues that she cannot be a joint account holder of the debt, so the report was patently incorrect for identifying her as one.

Lovelady has offered no evidence that, in the context of her credit report, the term "joint account" would be understood to signify that she was a party to the contract with the endodontist that is the source of the reported debt. "Contractual responsibility for [a] joint account" could reasonably be understood to cover any situation in which a consumer enters into a contract that makes her jointly liable for a debt. Lovelady concedes that she has community responsibility for the debt by virtue of her marriage to Mr. Lovelady, an act that created a contract between the two. Even though she is not a party to the contract with the endodontist, she is a party to a contract with Mr. Lovelady through which she agreed to be jointly liable for any community debts he assumes. And Arizona is a community property state that treats necessary medical expenses as community property. *Samaritan*

*Health Sys. v. Caldwell*, 957 P.2d 1373, 1375–76 (Ariz. Ct. App. 1998).

Accordingly, Lovelady *is* contractually liable for the debt, which could reasonably be described as a joint account. For this reason, the report was not patently false.

Lovelady also argues that the report is misleading in two ways.

First, she argues that by identifying her as having debt in collection for which she has "joint contractual liability," Experian is (incorrectly) implying that she contracted with the endodontist to be liable for the debt and that she breached that contract (*i.e.*, it led lenders to believe that she was not creditworthy because she breached personal obligations, when it was her husband who breached his personal obligations). Although the term "joint contractual liability" is arguably ambiguous because it can describe liability that was assumed in different ways, to survive summary judgment, Lovelady must provide some evidence that the code *would* be misunderstood in the way she argues it might. The only support Lovelady provides for her argument that the report would be misleading to creditors are examples discussing the meaning of the term "joint account" in the context of credit cards. Those are insufficient to show that Experian's report would lead creditors to reach an erroneous conclusion about the origin of her liability for the debt, as opposed to simply putting them on notice that she is jointly liable for the debt and leaving unspecified the source of her liability.

Second, Lovelady argues that the report was materially misleading because

it "overstated the extent of [her] liability for the . . . account" by implying that she is personally liable for the full amount, when her liability is in fact limited to the extent of her and her husband's community property. Even assuming that this is the impression that this report gives, it does not seem to be misleading at all. She is, in fact, jointly liable for the full amount of the debt.[1] Lovelady does not explain why the fact that the debt can only be satisfied with community property would be material to creditors, let alone provide evidence to support any argument that it is.

Because there is no genuine factual dispute regarding whether Experian's report was patently false or materially misleading, Lovelady has failed to state a prima facie claim for relief and summary judgment in favor of Experian was appropriate.

**AFFIRMED**.

---

[1] Similarly, contrary to Lovelady's contentions, the possibility that she might need to be sued for the debt for it to actually be collected from her does not change the fact that she owes the debt.